IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **YWUANA PEDEN** | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Action No. PWG-16-4012 |
| **BWW LAW GROUP, LLC,** *et al.,* | * | |
| **Defendants.** | * | |
| | ***** | |

## ORDER

The above-captioned self-represented Complaint was filed on December 16, 2016 and alleges that Defendants[1] violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and committed fraud in connection with the foreclosure on Plaintiffs' property at 219 Dateleaf Avenue, Capitol Heights, MD 20743 ("the Property"). Compl. ¶¶ 1, 38. As best I can discern, it appears that Defendant BWW Law Group, LLC ("BWW"), acting as a debt collector for Defendant Penny Mac Corp., conducted a foreclosure sale to satisfy a debt secured by a mortgage on the Property. *Id.* ¶ 38. Plaintiff alleges that the Promissory Note and Deed of Trust to the Property, on which the foreclosure was based, were forged. Compl. ¶ 1. Plaintiff seeks "to void the illegal foreclosure, sale and eviction and award or reverse the financial damages [she] suffered . . . based upon forged and fraudulently created Promissory Note and Deed of Trust" and also requests an "Emergency Declaratory Judgment, Injunctive Relief and Temporary Restraining Order Pursuant to F.R.C.P. 65."2 *Id.*

---

[1] Defendants include BWW Law Group, LLC, Penny Mac Corp., Carrie M. Ward, Ben Puchalski, Joseph A. Delozier, Cluadia Menjivar, and Howard N. Bierman.

[2] Having reviewed the filings, I find that a hearing is unnecessary. *See* Loc. R. 105.6.

With respect to Plaintiff's request for a temporary restraining order, Plaintiff has not complied with Rule 65's requirement that she certify efforts to notify the Defendants of the pending action and explain why, under the circumstances, notice should not be required. *See* Fed. R. Civ. P. 65(b)(1)(A), (B). Accordingly, the request, which I construe as a Motion for a Temporary Restraining Order, IS DENIED.

To the extent that Plaintiff seeks remedies aside from a temporary restraining order, she shall serve Defendants in compliance with Fed. R. Civ. P. 4. Plaintiff provided the full filing fee along with her Complaint and therefore bears the responsibility for effecting service of process on Defendants. Plaintiff may effectuate service by presenting summonses to the Clerk for signature and seal and then serving a copy of the summonses and Complaint on Defendants. Plaintiff has not provided summonses to the Clerk and shall be required to cure this deficiency. The Clerk shall send Plaintiff seven blank summonses. Pursuant to Fed. R. Civ. P. 4(c)(2), service of a summons and Complaint may be effected by any person who is not a party and who is at least 18 years of age. Plaintiff is reminded that under Fed. R. Civ. P. 4(l), the person effecting service of the summons and Complaint must promptly notify the court,[3] through an affidavit, that he or she has served Defendant.[4]

If there is no record that service was effected on Defendants, Plaintiff risks dismissal of this case. Pursuant to Fed. R. Civ. P. 4(m) and Local Rule 103.8.a., if a party demanding affirmative relief has not effected service of process within 90 days of filing the Complaint, the

---

[3] If Plaintiff does not use a private process server, and instead uses certified mail, restricted delivery, return receipt requested, to make service, Plaintiff must file with the Clerk the United States Post Office acknowledgment as proof of service.

[4] Plaintiff may contact the office of the State Department of Assessments and Taxation at http://www.dat.state.md.us/sdatweb/charter.html#other or (410) 767-1330, to obtain the name and service address for the resident agents of Defendants BWW Law Group, LLC and Penny Mac Corporation.

Court may enter an order asking the party to show cause why the claims should not be dismissed. If the party fails to show cause within the time as set by the Court, the Complaint shall be dismissed without prejudice.

Accordingly, it is this 21st day of December, 2016, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's request for a temporary restraining order, which I construe as a Motion for a Temporary Restraining Order IS DENIED;

2. The Clerk SHALL SEND a copy of this Order and seven blank summonses to Plaintiff; and

3. Plaintiff SHALL SUBMIT completed summonses to the Clerk and the Clerk SHALL prepare and issue summonses and return summonses to Plaintiff.

_____
Paul W. Grimm
United States District Judge