IN THE UNITED STATES COURT FOR THE DISTRICT OF MARYLAND (GREENBELT)

| | | |
|---|---|---|
| Ywuana: PEDEN | ) | Case No. 8:16-cv-04012 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **PLAINTIFF'S** |
| | ) | **AFFIDAVIT TO OBJECTION** |
| | ) | **TO DISMISS PLAINTIFF'S** |
| BWW Law Group, LLC et al. | ) | **COMPLAINT** |
| | ) | |
| Defendants. | ) | |

### Plaintiff's Affidavit in Objection to Motion to Dismiss Plaintiff's Complaint

**NOW COMES, Ywuana: Peden: , a women [Plaintiff] (hereinafter "YP'),** and submit the following in support of YP's Memorandum of Law in Objection to Dismissal filed by Defendants in their frivolous attempt to dismiss this womens [Plaintiff] compliant in avoidance of answering the complaint because it is loaded with numerous causes of action. This flesh and blood women [YP] filed her complaint primarily upon the creation of forged and fraudulent documents based on information and belief obtained on or about October 25, 2017. This Court should be aware that these men and women [debt collectors/ debt purchasers] based off information and belief used forged and fraudulent documents to rape, and foreclose Ywuana:

Pedens private property. And based off information and belief forged fraudulent documents were used in a conspiratorial enterprise to take possession of the private property of this women YP.

Plaintiff' filed this Complaint based upon numerous violations of the FDCPA (Title 15 U.S.C. §1692 et.seq and state as follows. The FDCPA was altered in 1986 to cover a major mistake of congress in 1977 when the original act excluded attorneys from the classification of debt collectors. After realizing that fatal flaw in the protection of the consumers against these professionally trained attorneys became even more abusive thus violating consumer's rights even more egregiously than ever. Congress amended the act of 1977 and in 1986 placed all attorneys who collect debt for another and use the instrumentalities of the mail directly covered under Title 15 U.S.C. §1692a(6) through §1692A-F (exemption clauses) - directly enforcing the FDCPA against all attorneys. Prior to the Heintz v. Jenkins 1995 S. Ct.1489 U.S. 291, 131 L.3d. Some unscrupulous attorneys were ignoring the Supreme Court by stating that Heintz does not apply to attorneys because attorneys made a living filing law suits and the Supreme Court would not restrict them from the practice of law. The United States Supreme Court ruled that attorney who violated the FDCPA were liable for damages under the act due to conflict within the other district courts. In the amendment of 1986, Congress inserted the exemption under Title 16 §1692A-F and settled the dispute once and for all. The dispute is nothing more than attorneys attempting to twist and create new interpretations of the FDCPA through judicial judge shopping as is being experienced today. The U.S. Supreme Court clarified the intended interpretation under Congressional intent concerning Title 15 §1692a(6)(F)(iii), which makes it abundantly clear that any party attempting to collect a debt after it is sixty days in default is a debt collector and is not exempt from prosecution the way that these FDCPA attorneys would like to have it.

Former Chief Justice of the U.S. Supreme Court, William Rehnquist wrote in a Yale Law Review Journal that American Judicial system is broken and where judges are accepting bribes to rule in favor of the creation of bad case law or even to create new case law from the bench.

## IS  BWW LAW GROUP, LLC ET AL. AND PENNY MAC CORPORATION DEBT COLLECTORS

## SUGGESTED ANSWER. YES

The Third Circuit's ruling are mostly in complete accord with the Second, Third, Fifth, Sixth, Seventh, Tenth and Eleventh Federal Appeals Courts. In <u>Wilson v. Draper & Goldberg, P.L.L.C., 443 F.3d 373 (4th Cir. 2006)</u> the court ruled that by bringing a Mortgage foreclosure by an attorney, Draper & Goldberg P.L.L.C. was a covered debt collector for the alleged debt was a debt obligation for personal, family, or household purposes. Every other Federal Appeals Court including the Third has agreed that a person (debt collector) who regularly purchases obtains or acquires defaulted debt and attempts to collect on that specific debt are debt collectors within the meaning of the Fair Debt Collection Practices Act.

The Third, Fourth, Fifth, Sixth and Seventh, Tenth and Eleventh Circuit Appeals Court's decision are in support of this women YP argument that BWW LAW GROUP, LLC, Carrie M. Ward, Howard N. Berman, Joseph A. Delozier, Claudia Menjivar and PENNY MAC CORPORATION are debt collectors and are not exempt under the FDCPA; <u>Glenn v. FNF Servs., Inc., 2013 WL 4095524 (E.D. N.C. Aug. 13, 2013)</u> the court ruled that: "Mortgage Servicer that acquire loan after default is a debt collector subject to the FDCPA." <u>Jones v. Saxon Mortgage Servs., 2010 WL 2629782 (W.D. N.C. June 28, 2010):</u> "A mortgage servicer that acquired a loan before default was not subject to the FDCPA"; <u>Fletcher v. Homecomings Fin. L.L.C. 2010 WL 1665265 M.D. N.C. Apr. 22, 2010</u>.

"Loan obtained before default not covered". This women [Plaintiff] (consumer) has proven that the alleged debt was in default by using Defendants own communications and the burden proving otherwise shifts to the defendants to persuade otherwise. <u>Allgood v. West Asset Mgmt. Inc., 2013 WL 6234691 (D. Nev. December 2, 2013)</u>; <u>Rockridge Trust V. Wells Fargo , N.A., ____ F. Supp. 2d ____, 2013 WL 5428722 (N.D. Cal. September 25, 2013))</u>; <u>Natividad v. Wells Fargo Bank, N.A. 2013 WL 2299601 (N.D. Cal. May 24, 2013))</u>. As stated by BWW et.al the Plaintiff (hereinafter known as "YP") loan was in default on August 8, 2008 and was obtained by PENNY MAC LOAN SERVICING, LLC and BWW LAW GROUP, LLC et al until the Appointment of Substitute Trustees see exhibit #1 in Defendants Motion to Dismiss which such appointment dated July 21, 2014, was well after the sixty day default statue. See also in exhibit #2 MARYLAND ASSIGNMENT OF DEED OF TRUST filed October 21, 2014 and allegedly signed July 26, 2014 with legal description Exhibit showing some other property in **New Jersey**.

BWW LAW GROUP, LLC, (hereinafter known as "BWW") Carrie M. Ward, (hereinafter known as "Ward") Howard N. Bierman, (hereinafter known as "Bierman") Joeseph A. Delozier, (hereinafter known as "Dozy") and Claudia Menjivar, (hereinafter known as "Claudia"), and PENNY MAC CORPORATION (hereinafter known as "Penny") are trying to create a new classification of debt collector is attorneys who collect upon security agreements are not covered by §1692a(6) for they are classified under §1692a(6)(F)(ii), a new type of creditor collecting upon his newly purchased alleged debt. Based upon the Defendant's own pleadings and financial records prove that Defendants obtained the alleged debt after 60 days in default under Title 15 U.S.C. §1692a(6)(F)(iii) [§803(6)(F)(iii)] are debt collectors under §1692a(6). These defendants are trying desperately to create a new classification of exempt creditors that is not only clearly against Congressional intent and thousands of Federal District Court cases.

The defendants are trying to reverse the Supreme Court's decision in *Heinz v. Jenkins (1995)* that removed the attorney exemption clause and replace it with an apparent atrocious (inimical) section that will sting the protective nature out of the FDCPA the way that congress never envisioned. If this misinterpretation should gain favor in our federal courts through one deceptive nature or another it would create an atmosphere never intended by Congress or this honorable high Court. If this new creditor status is not confronted immediately and sanctions not brought upon the perpetrators of this intentional and deliberately false representations then this new false constructional interpretation could eliminate the protective measures exercised by the Federal Trade Commission and place the consumers in a more precarious position today than before the passage of the original FDCPA in 1977. This Court should enforce sanctions against these defendants. **Hamlett v. Santander Consumer USA Inc.,** 931, F. Supp. 2d 451 (E.D.N.Y. 2013).

Federal Appeals Courts have all agreed that when Congress wrote the FDCPA, Congress having spent years in the placement of words have achieved their intended goal and that was, the statutory language of the FDCPA and the final wording in the final version was very clear and unambiguous and because of this there is no need to resort to interpretative rules of statutory construction; the statute, in this instance, should be applied as written, since it should be presumed that the legislature meant what it clearly said. *Schapiro & Meinhold v. Zartman, 823 P.2d 120 (Colo. 1992). ).* In the actual meaning of the words used in Title 15 U.S.C. §1692a(6)(F)(iii) one

cannot come away with any other meaning as clearly established by analyzing the actual words themselves that Congressional intent and their interpretation of Title 15 U.S.C. §1692a(6)(F)(iii) clearly state that an assignee or debt purchaser receiving defaulted debt for the purpose of litigation is a debt collector and any assignee or debt purchaser obtaining debt before default is a creditor.

The statutory structure resolves any ambiguity in favor of the consumer through the thousands of majority rulings from around all twelve federal district courts. In order to understand the definitions one must read in tandem the complementary definition of "Creditor." *King v. Vincent's Hosp., U.S. 215, 221 S.Ct. 570 (1991)*, the statute must be read as a whole. The definition of "debt collector" means a person who collects debt owed or due another. The same definition cannot be twisted around like these attorneys are trying desperately to do. Congress made it quite clear a "debt collector" does not mean a person who collects acquired debts that are not in default. A creditor is not one who acquires defaulted debt for the purpose of litigation. The two terms work together to create complementary and mutually exclusive classification based on the default status of the transferred debt. Putting it simply, a "creditor" is not one who acquires defaulted debt for the sole purpose of instituting litigation trying to collect upon defaulted debt that he purchased as a debt collector. It is immaterial and sanctionable that the debt collector who has purchased defaulted portfolios of debt and now claim that he is collecting upon his own debt trying to deceive the courts into thinking that the debt collector has changed his spots and now is the creditor.

If the new class of creditor was created it would make subparagraph §1692a(6)(F)(iii) non-applicable for the reasoning is fatally flawed for the argument would be that the collection efforts would not be for another. This intended new interpretation would violate the "basic interpretive canon" that "[a] statue should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Hibbs v. Winn. U.S. 88, 101, 124 S.Ct. 2276 (2004).*

If this mendacious interpretation would ever be adopted by the federal courts it would create a loophole in the statutory scheme that congress could not have ever considered. The unscrupulous attorney would only purchase large shares of defaulted notes (which they are doing now) at a great reduction in price and claim that he is the creditor and file litigation under the premise that he is a

non-covered creditor for he has purchased the debt and is only collecting upon his own debt, which is turning the FDCPA upside down and slapping congress and this court square in the face.

The clear golden rule established by Congress and recently reinforced by the recent rulings from the Third, Fifth, Sixth and Seventh Federal Appeal courts should influence this Court to rule that BWW, PENNY, Claudia, Ward, Bierman, Dozy, BP, and CPR are debt collectors and any other opposing decision would be in conflict with the Third, Fifth, Sixth and Seventh (Tenth) District Court's decision is also in conflict with the decision of the U.S. Supreme Court in <u>Jerman v. Carlisle, Mc YPie, Rini, Kramer & Ulrich L.P.A. 130 S. Ct 1605 (2010)</u>; <u>Heintz v. Jenkins 514, U.S. 291, 115 S. Ct. 1489 131 L.Ed 2d 395 (1995)</u> where these two cases establish rules and definitive guidance to the lower courts methods for correct resolution.

Even the Fourth Circuit stated or agreed in <u>Sayyed v. Wolpoff & Abramson, 485 F.3d 226, 229 (4th Cir. 2007)</u>, where the Fourth Circuit ruled; "whereas here, the statute's language is plain, the sole function of the courts is to enforce it according to its terms". "Where the statutory language is clear and unambiguous there is no need to resort to interpretative rules of statutory construction; the statue, in that instance, should be applied as written, since it may be presumed that the [legislature] meant what it clearly said."

### DEFINITION OF A *CREDITOR*

"The term ["creditor"] means any person who offers or extend credit creating a debt or to whom a debt is owned, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another."

### DEFINTION OF A DEBT COLLECTOR

Title 15 U.S.C. §1692a(6)(F)(iii); excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity concerns a debt which was not in default at the time it was obtained by such person."

The Third, Fifth, Sixth and Seventh Circuit Courts. If this Court fails to act in this matter this new exemption clause will cause or permit an improper interpretation of §1692a(6)(F)(iii) and allow an abusive and oppressive interpretation that will literally affect thousands and if not addressed in this case it will take years before this Court is in position to hear another case the parallels this case. This fallacious interpretation of construction will financially damage thousands of consumers and give an unfair advantage or protection to the debt collectors and this was never Congressional intent or the decisions coming out of the Third, Fourth, Fifth, Sixth, Seventh and new Tenth Decisions.

*THE THIRD, FOURTH, FIFTH, SIXTH, SEVENTH AND (TENTH) CIRCUIT RULINGS are consistent,* "at a party is "a creditor and not a debt collector [if] it purchases debt that is not in default thereby becoming (a creditor) one 'to whom a debt is owed.' " *Ruth v. Triumph Partnerships, 577 F.3d 790, 796 (7th Cir. 2009).* The court held instead that when "the party seeking to collect a debt did not originate it but instead acquired it from another party . . . the party's status [as a debt collector] under the FDCPA turns on whether the debt was in default at the time it was acquired." *Id.; accord McKinney v. Cadleway Properties, Inc., 548 F.3d 496, 501 (7th Cir. 2008),* made it very clear that the holder of the loan was a "debt collector" under the FDCPA because it acquired the loan when it was in default.;" assignees of a debt are treated as debt collectors covered by the Act if the debt sought to be collected was in default when acquired"; *Schlosser v. Fairbanks Capital Corp., 323 F.3d 534, 536 (7th Cir. 2003)*; *Bailey v. Sec. Nat'l Servicing Corp., 154 F.3d 384, 387 (7th Cir. 1998).The* Ninth Circuit's decision in *Schlegel v. Wells Fargo Bank, 720 F.3d 1204 (9th Cir. 2013)*, is consistent with the congressional intent and majority of the Appeals courts and the multitude of federal decisions that support two classifications to §1692a(6)(F)(iii). The decision is based upon not what type of spots are you going to wear today but whether the loan was in default at the time they were acquired.

"a party that seeks to collect on a debt that was in default when acquired is a debt collector under the FDCPA, '*even though it owns the debt and is collecting for itself.*' " *Ruth, 577 F.3d at 797, quoting McKinney, 548 F.3d at 501* (emphasis added). The court explained that the statute "excludes from its definition of 'creditor' those who acquire and seek to collect a 'debt in default,' and excludes from its definition of 'debt collector' those who seek to collect a debt 'which was not in default at the time it was obtained.' " *Ruth, 377 F.3d at 797, quoting §1692a(4) &*

§1692a(6)(F) *(internal citations omitted)*. Thus, "one who acquires a 'debt in default' is categorically *not* a creditor; one who acquires a 'debt not in default' is categorically *not* a debt collector." McKinney v. Cadleway Properties, Inc., 548 (F.3d) 496 (Court of Appeals, 7th Circuit 2008).

## THE THIRD CIRCUIT INTERPRETATION

The Third Circuit is in complete compliance with the two classifications of persons created by Congress in §1692a(6)(F)(iii) [§803(6)(F)(iii)] and differentiates debt collectors from creditors on the basis of whether a debt was in default at the time of its transfer or acquisition . In Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379 (3d Cir. 2000), the Third Circuit held that a company became a debt collector when it bought a portfolio of overdue utility bills. The court reasoned: "an assignee of an obligation is not a 'debt collector' if the obligation is not in default at the time of the assignment; conversely, an assignee may be deemed a 'debt collector' if the obligation is already in default when it is assigned." The Third Circuit has made it clear that the moment of assignment or the passage of ownership and whether the debt was in default is the determining factor as regard to classification. The Third Circuit even references Heintz v. Jenkins and uses language taken from Heintz to support their conclusions.

> "The act does apply to lawyers engaged in litigation... In ordinary English, a lawyer who regularly tries to obtain payment of consumer debts through a legal proceeding is a lawyer who regularly "attempts" to "collect" those consumer debts."

The FDCPA covers collection agencies, debt buyers, flat rate debt collectors and attorney debt collectors and sometimes creditors. In FTC v. Check Investors, Inc., 502 F. (3d Cir. 2007). The Third Circuit held that it is immaterial that the defendants actually owned the debt they were trying to collect; that did not make them creditor under the Act. The focus must be on "whether a debt was in default when acquired to determine the status of 'creditor' vs. 'debt collector'. In Allen ex rel. Martin v. LaSalle Bank, N.A. 629, F.3d 364, 367 (3d Cir. 2011).

> "The Third Circuit court held that even though a debt collector may "actually be owed the debt," the status of the debt at the time of acquisition was dispositive. The alternative reading or interpretation by this Court "would add a new classification of exempt creditor and weave a technical loophole into the fabric of the FDCPA big enough

to devour all of the protections Congress intended in enacting that legislation." The Third Circuit's decisions should influence this Court to carefully consider making a decision that affords PH and Bayview exempt status and conflicts with Congressional intent. <u>Oppong v. First Union Mortgage Corp., 215 Fed. Appx. 114 (3d Cir. 2007)</u>;

"Penny Mac Corporation/ Penny Mac Loan Servicing, LLC acquired servicing rights after default and foreclosed on plaintiff's mortgage, and this court should determine that Penny, BWW, Ward, Bierman, Dozy, and Claudia ... are debt collectors. Other supporting cases from the Third Circuit are; <u>Palmer v. MGC Mortgage, Inc. 2013 WL 652648 (E.D. Pa. Dec. 2013)</u>; <u>Cave v. Saxon Mortgage Servs., 2013 WL (E.D. Pa. May 9, 2013)</u>; <u>Brown v. Udren Law Offices P.C. 2011 WL 4011411 (E.D. Pa. Sept. 9, 2011)</u>; <u>Portley v. Litton Loan Serv. 2010 WL 1404610 (E.D. Pa. Apr. 5 2010)</u>; <u>Piper v. Portnoff Law Ass., Ltd 396 F3d 227, 234 (3rd Cir. 2005)</u>. Congressional intent was to allow the consumers or debtors themselves to police or enforce the FDCPA by private suits acting as private attorney general. <u>Graziano v. Harrison 950, F.2d 107, 113 (3rd Cir. 1991)</u>. Unfortunately for the consumers the Federal District Courts are dismissing the FDCPA suits by alleging failure to state a claim, which is preposterous, and invoking <u>Tromley and Iqbal</u> and dismissing these FDCPA suits without cause, producing the end result of protecting the debt collecting attorneys and the filing of appeal a necessity.

In <u>Kaltenbach v. Richard</u> the Fifth Circuit examined the definition of debt collection and ruled that complaint's allegation that the foreclosure attorney was a "debt collector" engaged in "collection activities" sufficed to state a claim against the foreclosure attorney.

### **THE SIXTH CIRCUIT COURT'S INTERPRETATION**.

Sixth Circuit has similarly held that "[t]he distinction between a creditor and a debt collector lies precisely in the language of §1692a(6)(F)(iii)." <u>Bridge, 681 F.3d at 359</u>. Contrary to the panel's holding here, the court ruled that "an entity that did not originate the debt in question but acquired it and attempts to collect on it . . . is either a creditor or a debt collector depending on the default status of the debt at the time it was acquired." The Sixth Circuit in <u>Glazer v. Chase Home Fin. L.L.C. 704 F 3d 453, 461 (6th Cir. Jan. 14, 2013)</u>; recently held that the FDCPA applies to mortgages, judicial and nonjudicial

foreclosures, and a foreclosure law firm regardless of whether an explicit demand for payment of the debt is made and whether the foreclosure is judicial or non-judicial. *Schroyer v. Frankel, 1997 F.3d 1170 (6th Circuit 1999)* "found that a law firm that regularly collects debt as a substantial, but not principal, part of his or its general law practice" and if the debt is in default the foreclosing party is a debt collector and covered by the FDCPA, as is the case in BWW, PENNY, Claudia, Ward, Bierman, Dozy, BP, and CPR. The *Glazer* approach used the decision in the *Heintz v. Jenkins* and borrowed their analysis from the decision in *Heintz*. The court stated in *Frey v. Gangwish, 970 F2d. 1516 (6th Cir. 1992)*, "the FDCPA is "an extraordinarily broad statute" All of the published U.S. Circuit Courts of Appeal opinions that have examined the application of the FDCPA to mortgages and debt collection activities in connection with a mortgage have concluded that the FDCPA may apply under many common fact situation.

## THE ELEVENTH CIRCUIT'S INTERPRETATIONS

The rule is rather simple, The FDCPA generally applies to debt collectors and not creditors. Not only does the Third, Fourth, Fifth, Sixth, Seventh, Tenth and Eleventh Circuit and new rulings coming out of the Ninth in support of the definitions of debt collector and creditors, and the Eleventh Circuit recently ruled in *Reese v. Ellis, Pinter, Tatterree & Adams, L.L.P.* that a foreclosure law firm was a debt collector. The *Reese* ruling followed the Courts ruling in the *Bourff v. Rubin Lubin, L.L.C., 2012 WL 851 626 (11th Cir. Mar. 15, 2012)* case and ruled that their argument that they were not debt collectors and therefore exempt under the FDCPA was found that argument to be unpersuasive and ruled in line with the other majority of appeal courts. In another 11th Circuit ruling in *Birster v. American Home Mortgage Servicing, Inc., 481, Fed. Appx. 579 (11th Cir. 2012)* ruled that the defendants were debt collectors and covered by the Act.

## THE FIFTH CIRCUIT''S INTERPRETATION

Finally, the Fifth Circuit has likewise held that the "assignee of a debt" is not a debt collector **"as long as the debt was not in default at the time it was assigned."** *Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985)*. Like the courts discussed above, the court classified a person acquiring a debt as a debt collector or creditor depending on whether the debt was in default when assigned, and not (as under the panel decision here) whether the defendant was collecting debts

"for" another rather than itself. The Fifth Circuit reached the same conclusion in the <u>Kaltenbach v. Richard, 464 F. 3d 524 (5th Cir. 2006)</u>.

### THE SECOND CIRCUIT COURT'S INTERPRETATION

The Second Circuit in <u>Goldstein v. Hutton, Ingram, Gainen, Carroll & Bertolotti, 374 F3d 56, 62-63 (2rd Cir. 2004)</u> also defined and clarified the definition of "debt collecting" and for this decision it join the Tenth Circuit <u>Garrett v. Derbes, 110 F3d 317 (5th Cir. 1997)</u>. In §1692a(6)(F)(iii)[§803(6)(F)(iii)] defines what a debt collector is not; it concerns a debt which was not in default at the time it was obtained by such person," Any person that obtains a debt before default is classified as a creditor and not covered under the FDCPA and any person that obtains or purchases a debt in default becomes a debt collector and covered by the FDCPA.

1. Penny, BWW, Ward, Bierman, Dozy, and Claudia intentionally and willfully with malicious intent made fallacious misrepresentations in a deception, harassment and deceitful misapplication of the laws and in direct contradiction of Congressional intent have proceeded to violate the FDCPA §1692e(2)(A) (character, amount and legal status) of the alleged debt.

2. The Defendants named in paragraph 1 willfully and with malicious intent or lucre participated in an attempt to foreclose on Plaintiff's private property when Defendants knew or should have known if they examined the files under Title 15 U.S.C. §1692e(3), [§807(3)], that they should not have proceeded along the lines of litigation which is a violation of §1692e(5) [§807(5)] and all the mentioned violations and should not have filed a Motion to Dismiss upon a false misrepresentation of material fact. The material fact in dispute is that this most kind and honorable judge should invoke "Usufructuary rights" to this women Ywuana: Peden and revoked the Summary Judgment due to fraud and forged documents. BWW, PENNY, Claudia, Ward, Bierman, Dozy, BP, and CPR had more than sufficient time to remove their illegal claim for summary judgment. See the Affidavit of Gary Michaels. Exhibit #1

3. Penny, BWW, Ward, Bierman, Dozy, and Claudia engaged in violations of §1692e(3)]§807(3)] by filing a Summary Judgment and are trying to invoke Rooker – Feldman, Res Judicata and the Younger Doctrine based upon a voidable judgment and without meaningful review. **Clomen v. Jackson**, 988 F2d 1314 (2d Cir. 1993); **Clomon Avila Doctrine** 84 F.3d 222, 229 (7th Cir. 1996).

4. Penny, BWW, Ward, Bierman, Dozy, and Claudia knowingly conspired to file forged and fraudulent documents in an attempt to foreclose on this womens (YP) private property is not a bona fide error defensive position. **McCollough v. Johnson, Rodenburg, & Lavinger L.L.C.** 637 F.3d 939 (9th Cir. 2011).

5. Penny, BWW, Ward, Bierman, Dozy, and Claudia intentionally and fallaciously made false representations to Plaintiffs with hopes of discouraging Plaintiff from pursuing this or any litigation **Ezell Reese, Raven Reese v Ellis, Painter, Ratteree & Adams, LL** if the named defendants are attempting to violate and/or ignore the FDCPA and collect any debt without any regards to following and laws is a violation of Title 15 §1692e(10),§[§807(10)].

6. The United States Court of Appeals, Eleventh Circuit ruled, "**THAT CAN'T BE RIGHT!**" allowing debt collectors justification in collecting debt any way they can if the debt is owned or considered to be owned. **Gburek v. Litton Loan Servicing L.P.** 614, F.3d 380, 386 (7th Cir. 2010); **Wilson v. Draper & Goldberg, P.L.L.C.** 443 F.3d 373, 376 (4th Cir. 2006); **Piper v. Portnoff Law Assocs. Ltd.,** 396 F.3d 227, 234 (3rd Cir. 2005);  In **Birster v. American Home Mortgage, Servicing, Inc.,** 481 Fed. Appx. 579, 583 (11th cir. 2012).

7. FIRST JUDICIAL NOTICE, See, **Stone v. Washington Mut. Bank,** 2001 WL 3678838 (N.D. Ill. August 19, 2011) states that creating forged and fraudulent documents is not so outside the box today, when this court stated, "That SPS obtain[s] or produce[s] forged documents' and organize[s] and assign[s] straw-man plaintiffs in tens of thousands of mortgage-foreclosure cases nationwide, without evidence of ownership were sufficient to state a claim under the FDCPA which parallels this instant case. "A debt or even an alleged debt is still governed by the FDCPA even if it secured.

8. YP has just not claimed forgery and fraud in her case but she has produced a qualified expert witness with 40 years experience that is willing to testify before this very court and any court in this country and prove that his findings are verified to the highest degree of certainty.

9. YP has used the §1692a(3), a(5) and the §1692a(6) in order to comply with the statutory provisions of the act.

10. The rule of dismissal under 12(b)(6) must be based upon the facts from the allegations , discovery, depositions and affidavits in which this Court must accept as true and construe in the light most favorable to the Plaintiff(s). **Powell v. Thomas**, 643 F3d 1300, 1302 (11th Cir. 2011.

11. In evaluating whether a law firm has violated Title 15 U.S.C. §1692et seq. the judge must use the least sophisticated standard under §1692e [§807] or the least susceptible consumer under §1692f [§808] and this Plaintiff states that filing forged and fraudulent documents in a foreclosure case is a violation of §1692e(10)[§807(10), §1692e(13) [§807(13)], §1692e(2)(A), §1692e(4)[§807(4)], extortion "pay or else" and §1692e(5), [§807(5)]; §1692f(1) [§808(1)]; §1692d(1),(2) [§806(1)(2)]. (Plaintiff has been unable to produce any supporting law permitting Penny, BWW, Ward, Bierman, Dozy, and Claudia to file or attempt to foreclose or evict anyone based upon forged and fraudulent notes.

12. On or about July 11, 2014 Counsel on behalf of Penny, stated that Plaintiff was in default August 2, 2008. See Exhibit 1, Affidavit of Default) documents filed in court by BWW, Ward, Bierman, Dozy, and Claudia that these public documents even support that an assignment of mortgage that was given to Penny was in default on August 2, 2008.

13. On or about July 11, 2014 after six years in default, Plaintiffs received false and misleading communications from BWW, PENNY, Claudia, Ward, Bierman, Dozy, BP, and CPR threatening a Notice of Default claiming an intention to foreclose on the mortgage.

14. This particular letter communication to YP that BWW gave the required Miranda warning pursuant to Title 15U.S.C. §1692e(11),[§807(11)] that BWW was a debt collector warning and stated that they were a debt collector and any information would be used for that purpose.

15. BWW, PENNY, Claudia, Ward, Bierman, Dozy, BP, and CPR willfully and maliciously filed a Motion for Summary Judgment based upon FRAUD upon the court which lead the court to by mistake grant summary judgment.

16. BWW, PENNY, Claudia, Ward, Bierman, Dozy, BP, and CPR knew or should have known that the alleged foreclosing documents were forged and fraudulently created and which were the consequences of abusive, false, harassing and misleading statements **Padilla v. Payco General American Credits, Inc.,** 161 F. Supp. 2d 264 (S.D. N.Y. 2001).

17. BWW, PENNY, Claudia, Ward, Bierman, Dozy, BP, and CPR on numerous occasions and especially on, under direct orders from PENNY and BWW on March 2, 2016 filed the Motion for Judgment Awarding Possession of Property based upon knowledge that they should have known and verified that the foreclosing documents were authentic and not forged and not fraudulently created and that they had the authenticated signatures of the Plaintiff.

18. In determining whether a complaint states a claim, a court must accept as true all factual allegations in the complaint and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." **Bell Atl. Corp. v. Twombly,** 550 U.S. 544, 570 (2007); **Gunasekra v. Irwin,** 551 F.3d 461, 466 (6th Cir. 2009). (See the Affidavit of Gary Michaels a qualified, forensic document examiner with over forty years' experience and stated that BWW, PENNY, Claudia, Ward, Bierman, Dozy, BP, and CPR conspired on or about July 11, 2014 to file forged and fraudulent documents

19. Federal Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." **Gunasekera,** 551 F.3d at 466 (quoting **Erickson v. Pardus**, 551 U.S. 89, 93-94 (2007)).

20. This court should be respectfully mindful that pro se complaints are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys. **Williams v. Curtin**, 631 F. 3d 380, 383 (6th Cir. 2011). SEE the Objection to Dismiss Complaint in response to the Phelan dismissal for it is incorporated herein by word for word as if stated herein.)

21. The courts are to construe broad prohibition to address new forms of deception and other violations and penalties to be in compliance with congressional intent to stop improper debt collection methods used by debt collectors.

22. Congress recognized that it would be impossible to foresee every type of deceptive collection misbehavior and expressly provided this general standard to give courts the flexibility to address the consumer's demands and to proscribe to improper conduct not specifically anticipated and addressed in the Act. **Jeter v. Credit Bureau, Inc.,** 760 F.2d 1168 (11th Cir. 1985). See also **Baker v. G.C. Services Corp.,** 677 F. 2d 775, 778 (9th Cir. 1982.

23. Congress' express purpose of improving consumer redress and eliminating abusive debt collection practices (15 U.S.C. § 1692(b) and (e)) was upheld by the Federal Judge in **Kaschak v. Raritan Valley Collection Agency,** Clearinghouse NO. 44,762 (D.N.J. 1989)[not for publication] where statutory damages applies to "each" violation of the act rather than to each suit. See also Creighton **v.Emporia Credit Service, Inc.** E.D. VA. 1997, 981 F. Supp.521.

24. BWW, PENNY, Claudia, Ward, Bierman, Dozy, BP, and CPR would like this court to accept false information that they obtained the alleged debt before it was in default, and to allow BWW, PENNY, Claudia, Ward, Bierman, Dozy, BP, and CPR to define itself out of the suit would mean the intended protection of the FDCPA is unavailable and against Congressional intent.

**Kimber v. Federal Financial Corp**., 668 F. Supp. 1480, 1484-86 (M.D. Ala. 1987); would be in contradiction to **Heintz v. Jenkins** 1995,115, S.Ct. 1489,514 U.S. 291, 131 L.ed.2d 395, where Justice Sutter specially stated that the only exceptions to the Act are those specifically referenced in Title 15 U.S.C. §1692(a) (6)(A) through §1692(a) (6)(F) and any other attempt would be false representations or deceptive and violating §1692e(10); [§807 (10)] **Avila v. Rubin**, 84 .F3d 222,229 (7th Cir. 1996).

25. M-Point and or JP MORGAN CHASE by law wrote off the alleged debt and/or sold it to PENNY and/or BWW for pennies on the dollar and ordered the filing of the foreclosure case in their respondent superior relationship with PENNY and has exceeded their present contractual authority by not complying with the terms and definitions of the Mortgage. **Bentley v. Great Lakes Collection Bureau** 6 F. 3d 60 (2d Cir. 1993) and **Pipiles v. Credit Bureau, Inc.** 886 F.2d 22 (2d Cir. 1989.

26. Plaintiff's allegations are based primarily around Title 15 U.S.C. §1692e,[§807] and these violations are more egregious and are much more easily proven and based upon this document and all allegations presented in this case must not be dismissed because the allegations, proof and a qualified expert witness will testify under oath to the truthfulness of this complaint (**Graziano v. Harrison,** 763 F. Supp. 1269, 1278 (D. N.J. 1991).

27. BWW, PENNY, Claudia, Ward, Bierman, Dozy, BP, and CPR have violated §1692e(2)(A),[§807(2)(A), 1692e4,[§807(4)]; §1692e(5); §1692e(10), [§807 (10)] according to **Bentley v. Great Lakes Collection Bureau** 6F. 3d 60. (2d Cir. 1993) by taking legal action, that could not be legally taken, **Degonague v. Weiss, Neuren & Neuren**, 89 F. Supp. 2d 282 N.D.N.Y. 2000).

28. BWW, PENNY, Claudia, Ward, Bierman, Dozy, BP, and CPR have no standing and are not the real party in interest for their documentations have been proven to be forged and fraudulently created thus eliminating any valid claim of having any rights to enforce the forged and fraudulent notes or mortgage making this women YP the only party capable of claiming to be the real party of interest. **Dunmore v. United States**, 358 F.3d 1107, 1112 (9th cir. 2004). Acknowledging that standing requires the party asserting claims to be the real party in interest must be in possession, under substantive law, (the right sought). **United Health Care Corporation v. Am trade Ins. Co., Ltd.,** 88F.3d 563, 568-69 (8th Cir. 1996).

29. Plaintiff agrees that the purpose of Rule [12 (b)(6)] is to allow the court to eliminate actions that are fatally flawed in their legal premises and trial activity. **Advanced Cardiovascular Systems Inc., v. Scimed Life Systems, Inc.,** 988 F.2d 1157, 1160 (Fed. Cir. 1993) (citing Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). Based upon a extensive review of these cited cases and others used by Defendants, Plaintiff cannot locate anywhere in any of those cases that any case can proceed forward by using forged and fraudulently documents like these Attorneys are attempting to do. Federal Rule 11 should be on the table about this time.

30. This Plaintiff has instituted this litigation based upon the findings of Mortgage Defense Systems within the last six months and under fraud upon the court or outright fraud. Plaintiff reserves the right to file a Federal Rules 60(d)(1) and (3) at any time or this court has the authority to protect this women (Plaintiff).

31. The United States Supreme Court states that the FDCPA violations are independent federal claims and are not barred by Rooker-Feldman or Res Judicata, for if they would be barred that would completely destroy Congressional intent.

32. According to **Heintz v. Jenkins** 514 U.S. 291 (1995), the "bono fide error defense includes error of law relating to strict compliance with §1692e(2)(A), [§ 807(2)(A)] character, amount or legal status of the debt and to comply the debt collector must fully comply with §1692e(3) [§807(3) by reviewing the **complete files** and not just a cursory review of numbers written on a unverified sheet of paper.

33. Plaintiff has stated sufficient causes of action covering and not limited to §§1692e(5), [§807(5)], 1692e(4) [§807(4)], 1692e(10), [§807(10)]; §1692f(1) [§808(1)] §1692e(2)(A),[§807(2)(A) and §1692e(13) [§807(13)] to survive Defendant's Motion(s) to Dismiss, **Tsenes v. trans-Continental Credit & collection Corp.**, 892, F. Supp. 461 (E..D N.Y. 1995).

34. The Plaintiff has shown that defendants are vicariously liable for violations of the Act and plaintiff has established liability on numerous violations of the FDCPA. The Plaintiff's claim for relief has established that Defendants each use the same dunning letters, the same complaints and other form letters and allows Plaintiff to assert that Defendants knew or should have known that they have violated the FDCPA. (**Driscol v. Household Credit Services, Inc.,** 989 S.W. 2d 72 (Tex. App. 1998).

35. It is very apparent after studying Congressional intent that Congress intended and included a very broad general proscription in recognition of its inability to foresee conceivable abusive debt collecting methods. According to the Senate report number 382, this bill (FDCPA-1986) permits a new liberal interpretation most favorable to the Plaintiff, (**Johnson v. Riddle**, 305 F.3d 1107 (10th Cir. 2002); **Clomen v. Jackson**, 988, F2d 1314 (2rd cie. 1993).

36. In regards to lack of standing for Plaintiff answering "none" in response to whether she had any "other contingent and unliquidated claims of ever nature….citing exhibit # 7 in writings; let the record reflect Plaintiff could not assert a claim for Fraud and Forgery since it was discovered November 1, 2016. Let the record show that none of the Defendants filed a proof of claim in case.

**Wherefore**, Plaintiff's have set forth claims for which relief can be granted and established this court's jurisdiction, with all aforementioned reasons, this Plaintiff further wish, states that this court before hearing this Motion should order discovery and depositions so that YP can obtain pertinent information needed to properly prepare this case. This Court must realize that it is very difficult to support some allegations when BWW, PENNY, Claudia, Ward, Bierman, Dozy, BP, and CPR have in their possession documents that could help this court in determining this case and to grant dismissal based upon absolutely no evidence would be a great travesty of justice and would be a great injustice to the this women Ywuana: Peden (Plaintiff) to have her case heard by a jury and not this former attorney and banking protectorate.

**JURY TRIAL DEMANDED**.

DATED this 26th day of May, 2017.

Respectfully Submitted,

*:Ywuana: Peden*
Ywuana: Peden: YP

## Jurat

State of Maryland

County of Prince George's

Subscribed and affirmed before me this 30 day of May, 2017, at Prince George's County, Maryland by ywuana: a living breathing women.

Signature of Notary Public _Rosa Beatty_

Name of Notary Public   Rosa L. Beatty   SEAL

Notary Public, State of Maryland

My commission expires: December 02, 2017

ROSA L. BEATTY
NOTARY PUBLIC STATE OF MARYLAND
Prince George's County
My Commission Expires December 2, 2017

IN THE UNITED STATES COURT FOR THE DISTRICT OF MARYLAND (GREENBELT)

| | |
|---|---|
| YWUANA PEDEN , Plaintiffs, | Case Number: 8:16-cv-4012-PWG |
| v. | |
| BWW Law Group, LLC et.al. | CERTIFICATE OF SERVICE |
| Defendants. | |

This is to certify that I have this date served a correct copy of the foregoing **PLAINTIFF'S AFFIDAVIT TO OBJECTION TO DISMISS PLAINTIFF'S COMPLAINT.** Thereof on the parties identified below via US Mail with proper postage affixed, addressed as follows:

David Solan, Esq. Counsel

BWW LAW GROUP, LLC,Carrie M. Ward, Howard N. Bierman, Joseph A. Delozier, and Claudia Menjivar

6003 Executive BLVD., Ste. 101

Rockville, MD 20852

Brent R. Gary Counsel

PNMAC

7900 Tyson One Place

Suite 500

McLean, VA 22102