IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(GREENBELT)

| | |
|---|---|
| Ywuana Peden<br><br>　　　　　Plaintiff,<br>v.<br><br>BWW Law Group, LLC et al.<br><br>　　　　　Defendants. | Case No. 8:16-cv-04012 |

## REPLY TO OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants BWW Law Group, LLC, Carrie M. Ward, Howard N. Bierman, Joseph A. Delozier, and Claudia Menjivar ("Moving Defendants"), by counsel, submit the following Reply in response to Plaintiff's Opposition to their Motion To Dismiss. Defendant urges that Plaintiff's Complaint be dismissed for the reasons set forth in its initial memorandum, and those set forth herein.[1]

## ARGUMENT

I.  **Plaintiff lacks standing to advance her claims under the bankruptcy code.**

In the Opposition, the Plaintiff argues that she has standing to advance her unscheduled claims because the alleged "fraud and forgery" was discovered on November 1, 2016.[2] ECF No. 20, ¶ 36. To the contrary, the record shows that the Plaintiff entered into a mortgage loan (the "Loan") on January 30, 2007, evidenced by a promissory note (the "Note") and secured by a notarized deed of trust (the "Deed of Trust"), both of which the Plaintiff executed, and the Deed

---

[1] Moving Defendants adopt and incorporate into this Reply their Motion to Dismiss, ECF No. 13, and the Motion to Dismiss filed by PennyMac Loan Services, LLC, ECF No. 11. In addition, Moving Defendants address the following arguments raised by the Plaintiff in her self-styled "Plaintiff's Affidavit in Objection to Motion to Dismiss Plaintiff's Complaint" ECF No. 20 (the "Opposition").

[2] This is the date stated on the purported forensic loan audit. *See* ECF No. 20-1.

1

of Trust was recorded in the land records of Prince George's County on March 9, 2007, in Liber 27344, Folio 381. ECF No. 13-1.

Judicial estoppel applies where one is "chargeable with" knowledge of the pertinent facts. *See Abrams v. American Tennis Courts, Inc.*, 160 Md. App. 213, 225 (2004); *see also Chevron U.S.A. Inc. v. Apex Oil Company, Inc.*, 113 F. Supp. 3d 807, 819 (D. Md. 2015) (observing that in the analogous limitations context a claimant is under "inquiry notice" when she has knowledge of circumstances which would cause a reasonable person to undertake an investigation which, if pursued with reasonable diligence, would have led to knowledge of the alleged cause of action, "regardless of whether such an investigation was actually undertaken.").

Here, Plaintiff had both actual and inquiry notice of sufficient facts related to her supposed causes of action arising out of the loan's origination. Furthermore, Plaintiff's reference to November 1, 2016 as the supposed date of discovery is belied by the fact that nearly two years prior she submitted documents making similar allegations to the Circuit Court within the foreclosure action. *See* ECF No. 13-3 (showing "Notice of Pendency [of] Action"[3] filed on January 5, 2015); *see also* copy of Notice of Pendency of Action attached hereto as Exhibit 1, p. 15 (purporting to revoke her signature "on behalf of the vessel" "due to fraud"). Where the Complaint asserts claims arising out of the loan's origination, and the Defendant fails to schedule such claims in her bankruptcy schedules, having adequate notice of them, the Plaintiff lacks standing to advance such claims, and in the alternative, they are barred by judicial estoppel.

---

[3] The Notice of Pendency of Action is in the nature of a "militiaman" or "sovereign citizen" filing which makes bizarre claims such as Plaintiff is a vessel, that the United States is not a county, etc. *See U.S. v. Mitchell*, 405 F.Supp.2d 602, 604-05 (D. Md. 2005) (noting these theories have been rejected everywhere they have been put forth); *Gutloff v. State*, 207 Md.App. 176, n. 5 (2012) (noting that the similar "flesh and blood" defense strategy had "been characterized by the [United States Court of Appeals for the] Fourth Circuit as 'patently frivolous.'").

2

**II. Plaintiff's Complaint is barred by res judicata and the Rooker-Feldman Doctrine.**

In the Opposition, Plaintiff argues that Congressional intent would be "completely destroyed" if her claims were barred by these doctrines, without further elaboration. Opposition, ¶ 31. Plaintiff's meager argument is entirely conclusory without any citation to law or fact. In failing to respond to Moving Defendants' arguments,[4] Plaintiff has conceded the point and the Court should treat such claims as abandoned. *See Grinage v. Mylan Pharmaceuticals, Inc.*, 840 F.Supp.2d 862, n. 2 (D. Md. 2011) (plaintiff abandoned a claim when Plaintiff's response in opposition failed to address the defendant's challenge to that claim in its motion to dismiss). In particular, Plaintiff's Complaint is barred by both *res judicata* and the *Rooker-Feldman* Doctrine due to the final judgment entered in the foreclosure action. Accordingly, Plaintiff's Complaint must be dismissed.

**III. Plaintiff's Complaint must be dismissed because each individual claim fails as a matter of law.**

Despite spanning 19 pages, the Opposition, like the Complaint, largely relies on conclusory allegations and the repetition of irrelevant legal jargon. From what Moving Defendants are able to decipher, Plaintiff makes more or less the following arguments and assertions, in no particular order:

   a. BWW Law Group, LLC is a debt collector as established by various court opinions throughout the country. *See* ECF No. 20, p. 3-11.

   b. The Moving Defendants committed various misdeeds by carrying out the foreclosure and eviction despite her claim of fraud at the loan's origination, as supported by the purported forensic audit. *See* ECF No. 20, p. 11-13.

---

[4] In the Motion, Moving Defendants argued that the Complaint the Complaint is barred by *res judicata* and the *Rooker-Feldman* Doctrine for the reasons stated in PennyMac Loan Services, LLC's Memorandum in Support of Motion to Dismiss, pp. 8-18.

   c. *Pro se* pleadings should be construed liberally. *See* ECF No. 20, p. 14.

Notwithstanding the above arguments, the Complaint is not well-pled and fails to state a claim for relief. The Opposition is largely non-responsive to the arguments raised in the Motion to Dismiss. Specifically, the Opposition fails to respond to the following arguments, which are now conceded. *Grinage*, 840 F.Supp.2d at n. 2.

   a. The purported forensic loan audit should receive no evidentiary weight, based on the persuasive authorities from other jurisdictions questioning the validity of these products. *See* ECF No. 13, n. 4.

   b. The Complaint is an impermissible "shotgun" pleading where it improperly lumps the Moving Defendants together and fails to distinguish specific facts or allegations that would support a claim against them individually. *See* ECF No. 13, p. 16-17.

   c. Plaintiff fails to state a claim for declaratory or injunctive relief under the Anti–Injunction Act. *See* ECF No. 13, p. 17.

   d. Plaintiff fails to state a claim for fraud with particularity, where the Complaint merely asserts bald allegations of fraud at the loan's origination, without articulating the specific circumstances of the alleged fraud, nor does the Complaint make any showing of reliance and injury. *See* ECF No. 13, p. 20; ECF No. 11, p. 15-16.

   e. Plaintiff fails to state a claim under the FDCPA, where the Complaint fails to allege any specific action taken by Moving Defendants proscribed by the FDCPA and relies on naked assertions of unspecified wrongdoing, and furthermore, any such claims are time-barred insofar as they rely on actions prior to December 16, 2015, such as the foreclosure sale and ratification thereof, which preceded this date. *See* ECF No. 13, p. 20-21; ECF No. 11, p.17-18.

   f. Plaintiff fails to state a claim under the Md. Rules of Professional Responsibility, where no such cause of action exists. *See* ECF No. 13, p. 21.

Even if the Complaint is not barred by judicial estoppel or lack of standing, and even if the Complaint is not barred by *res judicata* and the *Rooker-Feldman* Doctrine, the Complaint

4

still must be dismissed where the allegations are not well-pled and consists almost entirely of bald allegations and legal jargon. The Opposition is largely unresponsive to the arguments made in the Motion to Dismiss, and Plaintiff's undefended claims should be deemed abandoned. There are no allegations that can be engineered from this set of facts that would entitle Plaintiff to any relief against Moving Defendants. Where the Plaintiff has failed to articulate specific facts to support any of her claims, the Complaint should be dismissed in its entirety.

## CONCLUSION

Moving Defendants BWW Law Group, LLC, Carrie M. Ward, Howard N. Bierman, Joseph A. Delozier, and Claudia Menjivar respectfully request that this Court grant their Motion to Dismiss and enter an Order dismissing the Complaint in its entirety with prejudice and granting any other legal or equitable relief that the Court deems appropriate.

Respectfully submitted,

**BWW LAW GROUP, LLC, CARRIE M. WARD, HOWARD N. BIERMAN, JOSEPH A. DELOZIER, AND CLAUDIA MENJIVAR**

*By Counsel*

/s/ David Solan, Esq.
David Solan, Esq. (Bar #: 29820)
BWW Law Group, LLC
6003 Executive Blvd., Ste. 101
Rockville, MD 20852
301-961-6555, ext. 3739
301-961-6545 FAX
david.solan@bww-law.com

5

Case 8:16-cv-04012-PWG   Document 28   Filed 06/16/17   Page 6 of 6
BWW # MD-68510-3

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of June, 2017, a copy of the foregoing Reply to Opposition to Motion to Dismiss Plaintiff's Complaint and any attachments thereto was filed electronically with the U.S. District Court and, pursuant to L.R. 102.1.c., the Court's notice of electronic filing constitutes a certificate of service on all other counsel in the action. Additionally, service was made on the following via first-class mail, postage prepaid:

c/o Ywuana Peden
Rural Free Delivery
6089 Central Avenue
Capitol Heights, Maryland 20743

                                                /s/ David Solan, Esq.
                                                Federal Bar ID: 29820