FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2017 JUL 14  AM 11:58

IN THE UNITED STATES COURT FOR THE DISTRICT OF MARYLAND (GREENBELT)

AT GREENBELT

BY Ke _____ DEPUTY

| | | |
|---|---|---|
| Ywuana: PEDEN | ) | Case No. 8:16-cv-04012 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **PLAINTIFF'S** |
| | ) | **AFFIDAVIT TO OBJECTION** |
| | ) | **TO DISMISS PLAINTIFF'S** |
| Ben Puchalski et al. | ) | **COMPLAINT** |
| | ) | |
| Defendants. | ) | |

### Plaintiff's Affidavit in Objection to Motion to Dismiss Plaintiff's Complaint

**NOW COMES, Ywuana: Peden: , a women [Plaintiff] (hereinafter "YP'), not schooled in law speaking as a victim and injured party seeking equitable relief** submit the following in support of YP's Memorandum of Law in Objection to Motion to Dismissal filed by Defendants in their frivolous attempt to dismiss this womens [Plaintiff] compliant in avoidance of answering the complaint because it is loaded with numerous causes of action. This flesh and blood women [YP] filed her complaint primarily upon the creation of forged and fraudulent documents based on information and belief obtained on or about October 25, 2017. This Court should be aware that Ben Puchalski conspired with [debt collectors/ debt purchasers] based off information and belief and used forged and fraudulent documents to rape, and foreclose Ywuana: Pedens private property. And based off information and belief forged fraudulent documents were used in a conspiratorial enterprise to take possession of the private property of this women YP.

Plaintiff' filed this Complaint based upon numerous violations of the FDCPA (Title 15 U.S.C. §1692 et.seq and state as follows. The FDCPA was altered in 1986 to cover a major mistake of congress in 1977 when the original act excluded attorneys from the classification of debt collectors. After realizing that fatal flaw in the protection of the consumers against these professionally trained attorneys became even more abusive thus violating consumer's rights even more egregiously than ever. Congress amended the act of 1977 and in 1986 placed all attorneys who collect debt for another and use the instrumentalities of the mail directly covered under Title 15 U.S.C. §1692a(6) through §1692A-F (exemption clauses) - directly enforcing the FDCPA against all attorneys and coconspirators. Prior to the Heintz v. Jenkins 1995 S. Ct.1489 U.S. 291, 131 L.3d. Some unscrupulous attorneys were ignoring the Supreme Court by stating that Heintz does not apply to attorneys because attorneys made a living filing law suits and the Supreme Court would not restrict them from the practice of law. The United States Supreme Court ruled that attorneys and coconspirators who violated the FDCPA were liable for damages under the act due to conflict within the other district courts. In the amendment of 1986, Congress inserted the exemption under Title 16 §1692A-F and settled the dispute once and for all. The dispute is nothing more than attorneys and their coconspirators attempting to twist and create new interpretations of the FDCPA through judicial judge shopping as is being experienced today. The U.S. Supreme Court clarified the intended interpretation under Congressional intent concerning Title 15 §1692a(6)(F)(iii), which makes it abundantly clear that **any party** attempting to collect a debt after it is sixty days in default is a debt collector and is not exempt from prosecution the way that these FDCPA attorneys would like to have it.

Former Chief Justice of the U.S. Supreme Court, William Rehnquist wrote in a Yale Law Review Journal that American Judicial system is broken and where judges are accepting bribes to rule in favor of the creation of bad case law or even to create new case law from the bench. Not only are the actions of the conspirators a violation of the FDCPA, it is a moral violation. Maximum of law: 1. Mistakes, neglect, or misconducts are not to be regarded as accidents.  2. He who enjoys the benefit, ought also to bear the burden.

Common Sense

Maximum: It is a fault to meddle with what does not belong to or does not concern you. Ben Puchaski volunteered to join and reap the benefits by collecting monetary gain. Therefore, he should bear the burdon.

Maximum: It is fraud to conceal a fraud

### IS Ben Puchalski a COCONSPIRATOR

### SUGGESTED ANSWER. YES

It was Agent Ben Puchalski who trespassed on private property, advertised stolen private property, collected money from the buyer of stolen private property, hired contractors that removed fixtures, appliances, carpet, yard furniture, received monetary compensation etc and Ben Puchalski was an essential part of this conspiracy. Even if the court chooses to not see Ben Puchalski as a debt collector he is still a coconspirator. A real-estate agent has a fiduciary duty to protect the buyer and should have known it is not lawful to sell stolen private property. Luke 6:31 "Do to others as you would have them do to you."

1. The Defendants named in paragraph 1 willfully participated in a foreclosure scam to rape Plaintiff of her private property when Defendants knew or should have known if they examined the files and should not have filed a Motion to Dismiss upon a false misrepresentation of material fact. The material fact in dispute is that this most kind and honorable judge should invoke "Usufructuary rights" to this women Ywuana: Peden and revoke the Summary Judgment due to fraud and forged documents. Agent Ben Puchalski BWW et al. are requesting this court to grant a motion to dismiss when the maxium of law state "He who is not willing to speak the truth, is a betrayer of the truth.

2. YP has just not claimed forgery and fraud in her case but she has produced a qualified expert witness with 40 years' experience that is willing to testify before this very court and any court in this country and prove that his findings are verified to the highest degree of certainty. This witness has also stated his finding in an affidavit which stands as truth unless rebutted point for point. Maximum of law: A good judge decide according to justice and right, and prefers equity to strict law.

3.  The rule of dismissal under 12(b)(6) must be based upon the facts from the allegations, discovery, depositions and affidavits in which this Court must accept as true and construe in the light most favorable to the Plaintiff(s). **Powell v. Thomas**, 643 F3d 1300, 1302 (11th Cir. 2011. Maxium: He who judges anything, a party being unheard, though he should decide right, does wrong.

4.  In determining whether a complaint states a claim, a court must accept as true all factual allegations in the complaint and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." **Bell Atl. Corp. v. Twombly,** 550 U.S. 544, 570 (2007); **Gunasekra v. Irwin,** 551 F.3d 461, 466 (6th Cir. 2009). (See the Affidavit of Gary Michaels a qualified, forensic document examiner with over forty years' experience and stated that Agent Ben Puchalski, BWW, PENNY, Claudia, Ward, Bierman, Dozy, and CPR conspired on or about July 11, 2014 to file forged and fraudulent documents

5.  Federal Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." **Gunasekera,** 551 F.3d at 466 (quoting **Erickson v. Pardus**, 551 U.S. 89, 93-94 (2007)).

6.  This court should be respectfully mindful that pro se complaints are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys. **Williams v. Curtin**, 631 F. 3d 380, 383 (6th Cir. 2011). SEE the Objection to Dismiss Complaint in response to the Phelan dismissal for it is incorporated herein by word for word as if stated herein.)

7.  The courts are to construe broad prohibition to address new forms of deception and other violations and penalties to be in compliance with congressional intent to stop improper debt collection methods used by debt collectors.

8.  Congress recognized that it would be impossible to foresee every type of deceptive collection misbehavior and expressly provided this general standard to give courts the flexibility to address the consumer's demands and to proscribe to improper conduct not specifically anticipated and addressed in the Act. **Jeter v. Credit Bureau, Inc.,** 760 F.2d 1168 (11th Cir. 1985). See also **Baker v. G.C. Services Corp.,** 677 F. 2d 775, 778 (9th Cir. 1982.

9.  Congress' express purpose of improving consumer redress and eliminating abusive debt collection practices (15 U.S.C. § 1692(b) and (e)) was upheld by the Federal Judge in *Kaschak v. Raritan Valley Collection Agency*, Clearinghouse NO. 44,762 (D.N.J. 1989)[not for

publication] where statutory damages applies to "each" violation of the act rather than to each suit. *See* also *Creighton* v.Emporia Credit Service, Inc. *E.D. VA. 1997, 981 F. Supp.521.*

    10. Agent Ben Puchalski, BWW, PENNY, Claudia, Ward, Bierman, Dozy, BP, and CPR would like this court to accept false information that they obtained the alleged debt before it was in default, and to allow Agent Ben Puchalski, BWW, PENNY, Claudia, Ward, Bierman, Dozy, and CPR to define itself out of the suit would mean the intended protection of the FDCPA is unavailable and against Congressional intent. **Kimber v. Federal Financial Corp.**, 668 F. Supp. 1480, 1484-86 (M.D. Ala. 1987); would be in contradiction to **Heintz v. Jenkins** 1995,115, S.Ct. 1489,514 U.S. 291, 131 L.ed.2d 395, where Justice Sutter specially stated that the only exceptions to the Act are those specifically referenced in Title 15 U.S.C. §1692(a) (6)(A) through §1692(a)(6)(F) and any other attempt would be false representations or deceptive and violating §1692e(10); [§807 (10)] **Avila v. Rubin**, 84 .F3d 222,229 (7th Cir. 1996).

    11. M-Point and or JP MORGAN CHASE by law wrote off the alleged debt and/or sold it to PENNY and/or BWW for pennies on the dollar and ordered the filing of the foreclosure case in their respondent superior relationship with PENNY and has exceeded their present contractual authority by not complying with the terms and definitions of the Mortgage. **Bentley v. Great Lakes Collection Bureau** 6 F. 3d 60 (2d Cir. 1993) and **Pipiles v. Credit Bureau, Inc.** 886 F.2d 22 (2d Cir. 1989.

    12. Plaintiff's allegations are based primarily maximums of law, and around Title 15 U.S.C. §1692e,[§807] and these violations are more egregious and are much more easily proven and based upon this document and all allegations presented in this case must not be dismissed because the allegations, proof and a qualified expert witness will testify under oath to the truthfulness of this complaint (**Graziano v. Harrison,** 763 F. Supp. 1269, 1278 (D. N.J. 1991).

    13. Agent Ben Puchalski BWW, PENNY, Claudia, Ward, Bierman, Dozy, and CPR have violated §1692e(2)(A),[§807(2)(A), 1692e4,[§807(4)]; §1692e(5); §1692e(10), [§807 (10)] according to **Bentley v. Great Lakes Collection Bureau** 6F. 3d 60. (2d Cir. 1993) by taking legal action, that could not be legally taken, **Degonague v. Weiss, Neuren & Neuren**, 89 F. Supp. 2d 282 N.D.N.Y. 2000).

    14. Agent Ben Puchalski, BWW, PENNY, Claudia, Ward, Bierman, Dozy, BP, and CPR have no standing and are not the real party in interest for their documentations have been proven

to be forged and fraudulently created thus eliminating any valid claim of having any rights to enforce the forged and fraudulent notes or mortgage making this women YP the only party capable of claiming to be the real party of interest. **Dunmore v. United States**, 358 F.3d 1107, 1112 (9th cir. 2004). Acknowledging that standing requires the party asserting claims to be the real party in interest must be in possession, under substantive law, (the right sought). **United Health Care Corporation v. Am trade Ins. Co., Ltd.,** 88F.3d 563, 568-69 (8th Cir. 1996).

15. Plaintiff agrees that the purpose of Rule [12 (b)(6)] is to allow the court to eliminate actions that are fatally flawed in their legal premises and trial activity. **Advanced Cardiovascular Systems Inc., v. Scimed Life Systems, Inc.,** 988 F.2d 1157, 1160 (Fed. Cir. 1993) (citing **Neitzke v. Williams,** 490 U.S. 319, 326-27 (1989). Based upon an extensive review of these cited cases and others used by Defendants, Plaintiff cannot locate anywhere in any of those cases that any case can proceed forward by using forged and fraudulently documents like these Attorneys are attempting to do. Federal Rule 11 should be on the table about this time.

16. This Plaintiff has instituted this litigation based upon the findings of Mortgage Defense Systems within the last six months and under fraud upon the court or outright fraud. Plaintiff reserves the right to file a Federal Rules 60(d)(1) and (3) at any time or this court has the authority to protect this women (Plaintiff).    Maximum: The law punishes falsehood. Things taken or captured by pirates and robbers do not change their ownership. The owner of a piece of land owns everything above and below it to an indefinite extent.

17. The United States Supreme Court states that the FDCPA violations are independent federal claims and are not barred by Rooker-Feldman or Res Judicata, for if they would be barred that would completely destroy Congressional intent. Maximum:  A right cannot arise from a wrong.

18. According to **Heintz v. Jenkins** 514 U.S. 291 (1995), the "bono fide error defense includes error of law relating to strict compliance with §1692e(2)(A), [§ 807(2)(A)] character, amount or legal status of the debt and to comply the debt collector must fully comply with §1692e(3) [§807(3) by reviewing the **complete files** and not just a cursory review of numbers written on a unverified sheet of paper.  Maximum: No man ought to derive any benefit of his on wrong.

19. Plaintiff has stated sufficient causes of action covering and not limited to §§1692e(5), [§807(5)],    1692e(4)    [§807(4)],    1692e(10),    [§807(10)];    §1692f(1)    [§808(1)]

§1692e(2)(A),[§807(2)(A) and §1692e(13) [§807(13)] to survive Defendant's Motion(s) to Dismiss, **Tsenes v. trans-Continental Credit & collection Corp.**, 892, F. Supp. 461 (E..D N.Y. 1995). Maximum: Concealment of the truth is (equivalent to) a statement of what is false.

20.  The Plaintiff has shown that defendants are vicariously liable for violations of the Act and plaintiff has established liability on numerous violations of the FDCPA and just law. The Plaintiff's claim for relief has established that Defendants each use the same dunning letters, the same complaints and other form letters and allows Plaintiff to assert that Defendants knew or should have known that they have violated the FDCPA and just law. (**Driscol v. Household Credit Services, Inc.**, 989 S.W. 2d 72 (Tex. App. 1998). Maximum: No one can improve his condition by a crime.

21.  It is very apparent after studying Congressional intent that Congress intended and included a very broad general proscription in recognition of its inability to foresee conceivable abusive debt collecting methods. According to the Senate report number 382, this bill (FDCPA-1986) permits a new liberal interpretation most favorable to the Plaintiff, (**Johnson v. Riddle**, 305 F.3d 1107 (10th Cir. 2002); **Clomen v. Jackson**, 988, F2d 1314 (2rd cie. 1993).

22.  In regards to lack of standing for Plaintiff answering "none" in response to whether she had any "other contingent and unliquidated claims of ever nature….citing exhibit # 7 in writings; let the record reflect Plaintiff could not assert a claim for Fraud and Forgery since it was discovered November 1, 2016. Let the record show that none of the Defendants filed a proof of claim in case.

**Wherefore**, Plaintiff's have set forth claims for which relief can be granted and established this court's jurisdiction, with all aforementioned reasons, this Plaintiff further wish, states that this court before hearing this Motion should order discovery and depositions so that YP can obtain pertinent information needed to properly prepare this case. This Court must realize that it is very difficult to support some allegations when Agent Ben Puchalski, BWW, PENNY, Claudia, Ward, Bierman, Dozy, and CPR have in their possession documents that could help this court in determining this case and to grant dismissal based upon absolutely no evidence would be a great travesty of justice and would be a great injustice to the this women Ywuana: Peden (Plaintiff) to have her case

heard by a jury and not these former attorney, private property thief and banking protectorate. Maximum: Equity will not suffer a wrong to be without a remedy.

**JURY TRIAL DEMANDED**.

DATED this 14th day of July, 2017.

Respectfully Submitted,

*Ywuana: peden*

Ywuana: Peden:  YP

**Jurat**

State of Maryland

County of Prince George's

Subscribed and affirmed before me this 14th day of July, 2017, at Prince George's County, Maryland by ywuana: a living breathing women.

Signature of Notary Public  *Curtis T. Beatty*

Name of Notary Public  Curtis T. Beatty       SEAL

Notary Public, State of Maryland

My commission expires: 04/14/2021

*[Notary Seal: CURTIS T. BEATTY, My Commission Expires 4/14/2021, Notary Public, Prince George's County, MD]*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2017, I caused to be mailed by U.S. First Class Mail of the above document to the following defendants.

Glenn W. D. Golding, Esq. Counsel

    Ben Puchalski

1120 20th Street NW Suite 300 south

Washington, DC 20036

David Solan, Esq. Counsel

BWW LAW GROUP, LLC, Carrie M. Ward, Howard N. Bierman, Joseph A. Delozier, and Claudia Menjivar

6003 Executive BLVD., Ste. 101

Rockville, MD 20852

Brent R. Gary Counsel

PNMAC

7900 Tyson One Place

Suite 500

McLean, VA 22102

IN THE UNITED STATES COURT FOR THE DISTRICT OF MARYLAND (GREENBELT)

| | | |
|---|---|---|
| YWUANA PEDEN , Plaintiffs, | ) | Case Number: 8:16-cv-4012-PWG |
| v. | ) | |
| Ben Puchalski et.al. | ) | **CERTIFICATE OF SERVICE** |
| Defendants. | ) | |

This is to certify that I have this date served a correct copy of the foregoing **PLAINTIFF'S AFFIDAVIT TO OBJECTION TO DISMISS PLAINTIFF'S COMPLAINT.** Thereof on the parties identified below via US Mail with proper postage affixed, addressed as follows:

Glenn W. D. Golding, Esq. Counsel
Ben Puchalski
1120 20th Street NW Suite 300 south
Washington, DC 20036

*Ywuana Peden*

12