IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **Ywuana Peden,** | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Action No. PWG-16-4012 |
| **BWW Law Group,** *et al.*, | * | |
| **Defendants.** | * | |
| | *** | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ywuana Peden obtained a mortgage secured by her principal residence, 219 Dateleaf Avenue, Capitol Heights, Maryland 20743 (the "Property"), and executed a Deed of Trust on the Property in favor of a lender, M-Point Mortgage Services. Order to Docket 5, ECF No. 13-1.[1] PennyMac Corporation ("PennyMac") acquired title to the Property and in July 2014

---

[1] At this stage of the proceedings, I accept the facts as alleged in Peden's Complaint as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011). When reviewing a motion to dismiss, I "may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Although Peden may dispute the records BWW has provided with its motion to dismiss, Order to Docket, I take judicial notice of them as they were part of a state court proceeding and are authenticated as documents that were recorded in the land records of Prince George's County. Fed. R. Evid. 201, 803(8)(a)(i), 901(b)(7). Moreover, to the extent that Peden's allegations—that forged documents were used to obtain the state court foreclosure—rely upon what purports to be a fraudulent document analysis provided by one Gary Michaels, who claims to be a forensic document examiner, his report, attached to her Complaint at ECF No. 1-3, by in large is incomprehensible. It raises more questions than it answers regarding his qualifications, methodology, and purported application of his methodology to the facts of this case. Indeed BWW's Motion to Dismiss raises genuine concerns about whether it is even legitimate. *See* BWW Mot. 7 n.4, ECF No. 13. Nevertheless, even if legitimate, Michael's conclusions are of no assistance to Peden because she raised (or could have raised) her claims

appointed Substitute Trustees for the purposes of bringing a foreclosure action ("Foreclosure Action"). While the Foreclosure Action was pending against her in the Circuit Court for Prince George's County,[2] based on a default on the loan that Peden contests, *see* Compl. ¶ 47, ECF No. 1, Peden filed for bankruptcy. Following the termination of the bankruptcy proceeding, the Property was sold, and the state court ratified the sale and entered an order of judgment awarding possession of the Property. State Ct. Docket 16, 24, 38. Peden now brings this litigation, *pro se*, against Defendants PennyMac; BWW Law Group, LLC ("BWW"); Carrie Ward and Howard Bierman, two of the Substitute Trustees in the Foreclosure Action; and Brian Puchalski, as well as Claudia Menjivar and Joseph Delozier for their alleged involvement in Peden's eviction from the Property and as "instrumentalit[ies]" of BWW. Compl. 1, ¶¶ 39–42. She alleges that Defendants committed fraud on the court by using forged documents in the Foreclosure Action, fraudulently created the Deed of Trust, and violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and that Defendants lacked a promissory note and were not the real party in interest during the Foreclosure Action. *Id.* ¶¶ 65–82. Lastly, Plaintiff requests that this Court void the cognovit note.[3] *Id.* ¶¶ 83–86.

---

that the state court foreclosure was predicated upon fraudulent documents in the state foreclosure action. Therefore, *res judicata* precludes the resurrection of this argument here.
[2] The Maryland Judiciary Case Search website, http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis, the contents of which I judicially notice, Fed. R. Evid. 201, 803(8)(a)(i), 901(b)(7), establishes that the Property was sold, the court ratified the sale, and the Foreclosure Action, Case No. CAEF1424083, since has closed.
[3] A congnovit is "an acknowledgment of debt or liability in the form of a confessed judgment," Cognovits, Black's Law Dictionary (10th ed. 2014), and a cognovit note is "a promissory note containing a cognovit clause," Cognovit Note, Black's Law Dictionary (10th ed. 2014).

BWW has moved to dismiss Peden's claims, ECF No. 13, and the motion has been fully briefed, ECF Nos. 20, 28.[4] PennyMac also has moved to dismiss her claims, ECF No. 11, and the parties have fully briefed the motion, ECF Nos. 11-2, 21, 29. Lastly, Brian Puchalski has moved to dismiss her claims, ECF No. 27, and the motion has been fully briefed, ECF Nos. 33, 34.[5] Collectively, Defendants argue that Peden's claims are barred by *res judicata*, collateral estoppel, the *Rooker-Feldman* doctrine, and the bankruptcy code. *See* PennyMac Mem. 8–14; BWW Mot. 10–15; Puchalski Mot. 1–2. Defendants also argue that Peden fails to allege adequate facts to support the claims brought against them. PennyMac Mem. 14–18; BWW Mot. 15–21; Puchalski Mot. 1–2. Because I find that *res judicata* precludes this litigation, I will grant Defendants' motion and dismiss this case without reaching Defendants' alternative grounds for dismissal.

## Standard of Review

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Under this Rule, Peden's Complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Rule

---

[4] BWW's Memorandum in Support of its Motion appears as a part of the same electronic filing as its Motion, ECF No. 13.

[5] Each of Peden's oppositions is in essence a wholesale duplication of the others. The Opposition to BWW's Motion and the Opposition to PennyMac's Motion are identical except for the name of the Defendants. The Opposition to Puchalski's Motion contains many of the identical arguments but also includes a few arguments that he was an agent and coconspirator in the alleged fraudulent scheme. *See, e.g.,* Peden Opp'n to Puchalski Mot. 3.

12(b)(6)'s purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012) (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). If an affirmative defense "clearly appears on the face of the complaint," however, the Court may rule on that defense when considering a motion to dismiss. *Kalos v. Centennial Sur. Assocs.*, No. CCB-12-1532, 2012 WL 6210117, at *2 (D. Md. Dec. 12, 2012) (quoting *Andrews v. Daw*, 201 F.3d 521, 524 n. 1 (4th Cir. 2000) (citation and quotation marks omitted)). One such affirmative defense is *res judicata*.

Plaintiff is proceeding *pro se*, and her Complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Plaintiff from pleading plausible claims. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)).

## Discussion

*Res judicata* "bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." *Reid v. New Century Mortg. Corp.*, No. AW-12-2083, 2012 WL 6562887, at *3 (D. Md. Dec. 13, 2012) (quoting *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009)) (citation and internal quotation marks omitted). When considering this defense, "a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact." *Kalos*, 2012 WL 6210117, at *2 (quoting *Andrews*, 201 F.3d at 524 n.1). And, when a federal court litigant asserts *res judicata* based on a state court judgment, "[the] federal court must give to [the] state court judgment the same preclusive effect as would

be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Under Maryland law, *res judicata*, or claim preclusion, provides grounds for dismissal if a defendant establishes that "(1) the present parties are the same or in privity with the parties to the earlier dispute, (2) the claim presented is identical to the one determined in the prior adjudication, and (3) there has been a final judgment on the merits." *Capel v. Countrywide Home Loans, Inc.*, No. WDQ-09-2374, 2010 WL 457534, at *3 (D. Md. Feb. 3, 2010) (citing *Anne Arundel County Bd. of Educ. v. Norville,* 887 A.2d 1029, 1037 (Md. 2005)).

*1. Same parties*

In the Foreclosure Action, Peden was the defendant and the Substitute Trustees were the plaintiffs. Here, Peden sues Substitute Trustees Ward and Bierman, as well as BWW (the Substitute Trustee's employer), PennyMac, Delozier, Menjivar and Puchalski.[6] Compl. 1.

---

[6] As for her claims against Brian Puchalski, Peden describes him in her section on "Parties," Compl. ¶¶ 43, but she does not identify any actions that he took, beyond claiming generally that he
> is liquidating illegal foreclosure homes for BWW and is a mere instrumentality or arm of BWW and is part of the conspiracy to foreclose, sale [sic] and evict Peden from her home for great financial reward in their practice of using forged and fraudulent documents in order to unjustly enrich himself for his own personal selfish financial gain when [Puchalski] knew or should have known that the operation of BWW is a conspiracy based around foreclosure on the homes of the least sophisticated consumer under § 1692a(3). . . . .

*Id*. These conclusory allegations do not state a plausible claim, but even if they did, at most they would demonstrate Puchalski was in privity with BWW, and therefore, should be dismissed for the same reasons as BWW.

Plaintiff also lists Capitol Park Realty as a defendant. Compl. ¶ 44. However, Capitol Park Realty has not been served. Plaintiff alleges that Capitol Park Realty was an "instrumentality of BWW" and participated in the fraud she alleges. *Id.* To the extent that Plaintiff alleges any claims against Capitol Park Realty, those claims are encapsulated within her claims against BWW as she alleges Capitol Park Realty took actions on behalf of BWW. Therefore, the claims against Capitol Park Realty will be dismissed for the same reasons as those against BWW.

According to PennyMac, it was "the holder of a note secured by a deed of trust from Plaintiff," which was a "derivative of a deed dated January 30, 2007 and was recorded among the Land Records of Prince George's County." PennyMac Mem. 3. Then, PennyMac appointed Ward, Bierman, and four other members of BWW as the Substitute Trustees to initiate the Foreclosure Action on September 2, 2014. *Id.* On this basis, PennyMac insists that it is in "privity with the Substitute Trustees." *Id.* at 11. Peden does not dispute these assertions in her Oppositions, only addressing whether she believes Defendants are debt collectors. *See* Pl.'s Opp'ns. And, Peden acknowledges that PennyMac "purchased or obtained the alleged debt" from her. Compl. ¶ 37. Also, Peden contends that Menjivar, Ward, Bierman, Delozier, and Puchalik "were mere instrumentalit[ies] of BWW." *See id.* ¶¶ 35–36, 39–43, 48. I am satisfied that the litigation was between the same parties or their privies.

   *2. Identical claims*

Under Maryland law, courts apply the transaction test to determine whether claims are identical. *See Kent Cnty. Bd. of Educ. v. Bilbrough*, 525 A.2d 232, 238 (Md. 1987). "Under the transaction test, a 'claim' includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the claim arose." *Boyd v. Bowen*, 806 A.2d 314, 325 (Md. Ct. Spec. App. 2002) (citing *FWB Bank v. Richman,* 731 A.2d 916, 928 (Md. 1999)). Notably, *res judicata* bars not only claims from the original litigation, but also other claims that could have been brought in the original litigation. *Boyd*, 806 A.2d at 325 (citing *Gertz v. Anne Arundel Cnty.,* 661 A.2d 1157, 1161 (Md. 1995)). This Court consistently has held that *res judicata* bars collateral attack on foreclosure judgments. *See Prudencio v. Capital One, N.A.*, No. PWG-16-2693, 2016 WL 6947016, at *3 (D. Md. Nov. 28, 2016) (concluding that the second element was satisfied because "all of

Plaintiffs' present claims" of violations of the FDCPA, the RESPA, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*; negligence; breach of fiduciary duties; fraud and misrepresentation; civil conspiracy; and intentional infliction of emotional distress "could have been raised in the foreclosure action"); *Jones v. HSBC Bank USA, N.A.*, No. RWT 09CV2904, 2011 WL 382371, at *5 (D. Md. Feb. 3, 2011) (holding that claims for violations of the Fair Debt Collection Practices Act, breach of fiduciary duty, and fraud could not be brought in this Court, as the claims could have been raised in the foreclosure proceeding); *Anyanwutaku v. Fleet Mortg. Group, Inc.,* 85 F. Supp. 2d 566, 571 (D. Md. 2000) (concluding that plaintiff's claims for, *inter alia*, illegal foreclosure, fraud and misrepresentation, and conspiracy were barred by *res judicata* as the claims concern the same transaction).

The crux of Peden's suit in this Court, which underlies each of her five claims, is that Defendants "filed falsified documents with the courts in an attempt to illegally use this Court as an indirect debt collector," Compl. ¶ 72, and that Defendants were not the real party in interest with the right to bring a foreclosure action. *Id*. ¶¶ 77; *see also id.* ¶¶ 73–74, 80–82, 98–99. In the introductory paragraph of her Complaint, she also asserts that she seeks damages for "intentional inflection of emotional distress, negligent inflection of mental distress and for the creation of forged and fraudulent Promissory and Deed of Trust Notes"; but she fails to plead any counts setting forth those claims. *See id.* ¶ 2. Peden contends that the Foreclosure Action was fraudulent and a violation of the FDCPA. *Id.* ¶¶ 65–105.

The state court Foreclosure Action and the present case clearly relate to the same transaction or occurrence: the Note and Deed of Trust on the Property and the Foreclosure Action that resulted when Peden failed to make payments. Therefore, all of Peden's present claims could have been raised in the Foreclosure Action. *See Prudencio*, 2016 WL 6947016, at

*3; *Bullock v. Ocwen Loan Servicing, LLC*, No. PJM-14-3836, 2015 WL 5008773, at *5 (D. Md. Aug. 20, 2015) (finding that plaintiff's FDCPA and RESPA "statutory claims [we]re premised on [plaintiff's] contention that the Defendants lacked the legal authority to enforce the note and deed of trust" and therefore "the statutory claims ar[o]se out of the same series of transactions" as the state foreclosure action and were barred under *res judicata*); *McCreary v. Benificial Mortg. Co. of Maryland*, No. AW-11-CV-01674, 2011 WL 4985437, at *4 (D. Md. Oct. 18, 2011) (dismissing on *res judicata* grounds plaintiff's claims, *inter alia*, for fraud, fraudulent misrepresentation, and intentional infliction of emotional distress, as "Plaintiff had a fair opportunity to present claims against Defendants during the prior foreclosure proceedings"); *Jones*, 2011 WL 382371, at *5; *Anyanwutaku*, 85 F. Supp. 2d at 571. Thus, Defendants have satisfied the second element of claim preclusion.

3. *Final judgment on the merits*

The Property was sold through the Foreclosure Action, the state court ratified the sale on November 9, 2015, and the court entered an order of judgment on September 13, 2016, awarding possession to PennyMac. State Ct. Docket Nos. 24, 38. The ratification of sale constitutes a final judgment for preclusion purposes. *See McGhee v. JP Morgan Chase Bank, N.A.*, No. DKC-12-3072, 2013 WL 4495797, at *6 (D. Md. Aug. 20, 2013) ("The important ruling in foreclosure cases is the circuit court's ratification of the foreclosure sale. 'When a state court finalizes a foreclosure after the "plaintiff was given an opportunity to raise all objections to the foreclosure sale of [a] property,["] that adjudication is a final judgment on the merits.'" (quoting *Capel v. Countrywide Home Loans*, Nos. WDQ-09-2374, WDQ-09-2439, 2010 WL 457534, at *4 (D. Md. Feb. 3, 2010) (quoting *Anyanwutaku v. Fleet Mortg. Grp.*, 85 F. Supp. 2d 566, 572 (D. Md. 2000)))); *Graves v. OneWest Bank, FSB*, No. PWG-14-1995, 2015 WL 2452418, at *6 (D. Md.

May 20, 2015), *recons. denied*, 2015 WL 6769115 (D. Md. Nov. 2, 2015), *aff'd*, 653 F. App'x 788 (4th Cir. 2016). During the Foreclosure Action, Peden filed a motion "in the Nature of a Motion for Dismissal," State Ct. Docket No. 22, which the state court denied on September 17, 2015. Peden did not file a Notice of Appeal. Therefore, there was a final judgment on the merits.

Because all three elements of *res judicata* have been met, the claims pending in this Court, which seek damages for the same allegedly illegal conduct regarding the foreclosure sale of the Property, are precluded and this case must be dismissed with prejudice.

### **ORDER**

Accordingly, it is this 1st day of February, 2018, hereby ORDERED that:

1. The Motions to Dismiss, ECF Nos. 11, 13, 27, ARE GRANTED;
2. Plaintiff's Complaint IS DISMISSED WITH PREJUDICE; and
3. The Clerk is DIRECTED to CLOSE THE CASE and to MAIL a copy of this Memorandum Opinion and Order to Plaintiff.

/S/
Paul W. Grimm
United States District Judge

jml